## MANWARING V. DISHON.

A purchaser under an administrator who sells under an act of assembly for payment of the debts of the deceased, shall prevail against a voluntary deed given in the lifetime of the deceased.

ACTION of ejectment for a piece of land. Plea — No wrong or disseisin. Issue to the jury.

The plaintiff claimed the land in .question, by force of a deed dated the 9th of November A. D. 1739, from his father Richard Manwaring to his son Richard, in consideration of love and good will towards his said son; in which he gave and granted the demanded premises with other lands unto his son Richard and to the heirs male of his body lawfully begotten, and so in the line of his heir male lawfully begotten unto the end of five generations. And in case of failure of issue male of his said son Richard, then to revert to his son Asa, and to the heir male of his body lawfully begotten in like manner; and in case of failure of issue male of said son Asa, to revert to his son Henry and to the heir male of his body lawfully begotten in like manner; and in case of failure of issue male of his said son Henry, to revert to his son Christopher and the heir male of his body lawfully begotten, etc. in like manner.

Richard the grantor afterwards remained in possession of the granted premises for many years until his death; and ever possessed and improved them as his own, and contracted debts after giving said deed to the amount of £40 more than his personal estate would pay; which remained unpaid at his death, having no other lands.

Upon the grantor's death, his son Richard also being dead without issue, his son Asa took administration upon his father's estate, inventoried said land as his father's, considering said deed merely as a testamentary settlement of his estate, and finding the debts contracted as aforesaid to surmount the

personal estate the sum of £40 lawful money; he applied and obtained liberty from the general assembly to sell real estate to pay said debt, and charges of selling; and in pursuance of said act of assembly sold the demanded premises to the defendant, and gave him a deed dated the 5th of March, A. D. 1775; and now said Richard, Asa and Henry being all dead without leaving issue male; the plaintiff claims this land by force of said deed from his father.

The jury found a verdict for the defendant, which was accepted by the court, for the following reasons.

The deed was a voluntary conveyance for love and good will to his sons and their issue; the grantor remained in the possession taking the use and improvement until his death, and contracted debts for necessaries upon the credit of it, for payment of which this land was sold by the administrator, who then was legal owner of the estates under the sanction of an act of assembly to the defendant, which has put the defendant in the place of the creditors, to Richard the father, and makes him a *bona fide* purchaser for a valuable consideration.